**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4935**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAJUAN CARTER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Ellen L. Hollander, District Judge. (1:11-cr-00164-ELH-2)

Submitted:  March 27, 2012            Decided:  April 6, 2012

Before WILKINSON, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard B. Bardos, SCHULMAN, TREEM & GILDEN, P.A., Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dajuan Carter appeals the district court's denial of his motion to suppress evidence seized following the stop of a car in which he was a passenger. Carter argues that the suppression hearing testimony of the police detectives regarding an observed traffic infraction was incredible, that the alleged traffic violation never occurred, and that the stop was pretextual. For the following reasons, we affirm.

This Court reviews the district court's factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). We give particular deference "to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks and citation omitted). When a suppression motion has been denied, this Court construes the evidence in the light most favorable to the government. Grossman, 400 F.3d at 216. A traffic stop of a vehicle constitutes a seizure within the meaning of the Fourth Amendment and is permissible if the officer has probable cause to believe a traffic violation has occurred, regardless of the officer's

subjective motivations.  <u>Whren v. United States</u>, 517 U.S. 806, 809-10, 813-19 (1996).

Our review of the record leads us to conclude that the district court did not err when it determined that the inconsistencies in the detectives' testimony are immaterial, and that probable cause supported the stop of the vehicle in which Carter was a passenger.  Furthermore, we conclude there is no basis to conclude the district court clearly erred in making its credibility determination.  Therefore, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3